

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-22-00106-CR

JULIO CESAR CHAVEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court of
Hale County, Texas
Trial Court No. A21231-1909, Honorable Danah L. Zirpoli, Presiding

September 7, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Julio Cesar Chavez, appellant, appeals the trial court's judgment convicting him of assault against a family or household member by impeding breathing or circulation, a third-degree felony. Originally and pursuant to a plea bargain, appellant pleaded guilty to and was found guilty of said charges. The trial court assessed a six-year sentence, which sentence it suspended. Then, appellant was placed on community supervision for six years. Following the State's first motion to revoke in June 2020, appellant was continued on community supervision, this time with modified conditions and an additional year of

supervision. When appellant continued to violate the conditions of community supervision, including repeated, prohibited contact with the victim of the original offense, the State again moved to revoke. Appellant pleaded true to all the State's allegations in its motion. The trial court found those allegations true, revoked community supervision, and sentenced appellant to serve his original six-year sentence in prison. It also assessed a $3,000 fine. Appellant perfected this appeal.

Appellant's counsel filed a motion to withdraw together with an *Anders* brief.[1] Through those documents, he certified to the Court that, after diligently searching the record, the appeal was without merit. Accompanying the brief and motion was a copy of a letter sent by counsel to appellant informing the latter of counsel's belief that there is no reversible error and of appellant's right to file a pro se response to counsel's motion to withdraw and *Anders* brief. So too did counsel provide appellant with a copy of the appellate record. By letter dated July 18, 2022, this Court notified appellant of his right to file his own brief or response by August 17, 2022. To date, none has been received from appellant.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal. Counsel addressed myriad issues, including the voluntariness of appellant's plea, sufficiency of the evidence, the propriety of the sentence imposed, and effectiveness of trial counsel. Candidly, counsel acknowledges that issues associated with the original plea proceeding would not be properly before a court reviewing the revocation proceeding. Counsel ultimately concludes that there are no arguable grounds for appeal.

---

[1] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

We conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover arguable error pursuant to *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008), and *Stafford v. State*, 813 S.W.2d 503, 508 (Tex. Crim. App. 1991) (en banc).  We found none.

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment of conviction.[2]

Brian Quinn
Chief Justice

Do not publish.

_____

[2] Appellant has the right to file a petition for discretionary review with the Texas Court of Criminal Appeals.